| | | |
|---|---|---|
| MELISSA M. LEMMON<br>801 South Marylyn Ave.<br>Essex, Maryland 21221, | * | IN THE |
| | * | CIRCUIT COURT |
| *Plaintiff*, | * | OF MARYLAND |
| v. | * | FOR |
| MARGOLIS, PRITZKER, EPSTEIN<br>& BLATT, P.A.<br>c/o Aaron Margolis, Esq.<br>One North Charles Street<br>Baltimore, MD 21201 | * | BALTIMORE CITY |
| | * | Case No. _____ |
| Serve on: | * | |
| Jeffrey N. Pritzker, Esq.<br>110 West Road<br>Suite 222<br>Towson, MD 21204 | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Melissa M. Lemmon, ("Plaintiff"), by and through her attorneys, E. David Hoskins, Max F. Brauer and The Law Offices of E. David Hoskins, LLC, on behalf of herself and all others similarly situated and for her Class Action Complaint against Defendant, Margolis, Pritzker, Epstein & Blatt, P.A. alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, et seq. (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, et seq. (hereinafter "MCPA").

2. Plaintiff Melissa M. Lemmon alleges that the collection practices of

LAW OFFICES OF
DAVID HOSKINS
E. LOMBARD ST.
SUITE 400
TIMORE, MD 21202
410-662-6500

1   ATTACHMENT #3

Defendant Margolis, Pritzker, Epstein & Blatt, P.A. (hereinafter "MPE&B") violate the FDCPA, MCDCA and MCPA.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b).

4. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

5. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6. The FDCPA is a strict liability statute that provides for actual or statutory

LAW OFFICES OF
DAVID HOSKINS
E. LOMBARD ST.
SUITE 400
TIMORE, MD 21202
410-662-6500

damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

7. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

8. To prohibit abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." In addition, the FDCPA at 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

9. The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204. Specifically, the MCDCA states that a "person

W OFFICES OF
AVID HOSKINS
E. LOMBARD ST.
SUITE 400
MORE, MD 21202
10-662-6500

3

collecting or attempting to collect an alleged debt arising out of a consumer transaction," id. § 14–201(b), may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Id. § 14–202(8).

10. The Maryland Consumer Protection Act ("MCPA") prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. Id. § 13–301(14)(iii).

## JURISDICTION AND VENUE

11. The Circuit Court of Maryland has subject matter jurisdiction over Plaintiff's state law claims as well as her claim brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action to enforce may be brought in federal court as well as in any state court of competent jurisdiction.

12. The Circuit Court of Maryland has personal jurisdiction over each Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102; 6-103(b)(1) and (2). MPE&B can be served with process in Maryland and regularly transacts business in Baltimore City, Maryland as part of its debt collecting activities. According to the official corporate charter records, MPE&B's principal office is located at One North Charles Street in Baltimore City, Maryland.

13. The Circuit Court for Baltimore City is the proper venue pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a) because MPE&B carries on a regular business of debt collecting in Baltimore City.

## PARTIES

14. Plaintiff, Melissa M. Lemmon, is an individual who was at all relevant

LAW OFFICES OF
DAVID HOSKINS
5 E. LOMBARD ST.
SUITE 400
.TIMORE, MD 21202
410-662-6500

times residing in Baltimore County, Maryland.

15. Melissa M. Lemmon is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person improperly sued in the attempt to collect a consumer debt allegedly owed on a credit account originally issued by Chase Manhattan Bank that was used for personal, family, or household purposes (the "subject debt"). These uses included paying for family dinners and lodging while on vacation and for household items like medical supplies for her special needs child.

16. Defendant MPE&B is a Maryland corporation and is licensed as a debt collector in Maryland. MPE&B is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. MPE&B uses the United States Mail in furtherance of its collection of debts alleged to be due another.

17. At all relevant times MPE&B acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA.

18. At all relevant times Defendants MPE&B acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

19. The acts of Defendant alleged herein were performed by its agents and employees acting within the scope of their actual or apparent authority.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

20. On September 9, 2013, MPE&B filed a Request for Garnishment on Wages on behalf of Great Seneca Financial Corporation in the District Court of Maryland for Baltimore County seeking to garnish the wages owed to Melissa M. Lemmon by her employer, Ruby Tuesday, Inc.

LAW OFFICES OF
DAVID HOSKINS
5 E. LOMBARD ST.
SUITE 400
.TIMORE, MD 21202
410-662-6500

21. Great Seneca Financial Corporation is a defunct and non-existent legal entity, having dissolved itself on March 25, 2009, claiming to have had no creditors.

22. Great Seneca Financial Corporation does not hold a current Maryland collection agency license and is not currently licensed as a debt collector in Maryland.

23. As a defunct and nonexistent legal entity without a valid collection agency license, Great Seneca Financial Corporation lacks the legal authority to take any collection actions to collect the subject debt.

24. MPE&B has attempted to collect debts allegedly owed to Great Seneca Financial Corporation even though MPE&B has actual knowledge that Great Seneca Financial Corporation is a defunct and non-existent legal entity that is not licensed and has no legal authority to take any collection actions on these debts.

25. In this manner MPE&B (1) made a false representation of the legal status of the debt allegedly owed to Great Seneca Financial Corporation; (2) threatened to enforcement action that cannot legally be taken; (3) used a false representation or implication and deceptive means to collect the alleged debt; (4) attempted to collect amounts that were not permitted by law to be collected; and (5) attempted to enforce a judgment with actual knowledge that the judgment was no longer enforceable.

26. As a direct consequence of the acts, practices and conduct of Defendant, Melissa M. Lemmon suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation. Melissa M. Lemmon was required to retain counsel to defend the collection lawsuit and incurred actual damages in the amount of the value of legal services provided to defend the case.

LAW OFFICES OF
DAVID HOSKINS
E. LOMBARD ST.
SUITE 400
TIMORE, MD 21202
410-662-6500

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a class consisting of all natural persons who at any time after three years prior to the date of the filing of this action were subjected to debt collection activities by Defendant, Margolis, Pritzker, Epstein & Blatt, P.A., in an attempt to collect debts allegedly owed to Great Seneca Financial Corporation.

28. The identities of all class members are readily ascertainable from the records of Defendant, Margolis, Pritzker, Epstein & Blatt, P.A.

29. Excluded from the class are all managers and directors of Defendant and members of their immediate families, and legal counsel for either side and all members of their immediate families.

30. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 2-231 of the Maryland Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

   a. ***Numerosity:*** The class is so numerous that joinder of all members is impractical. A recent review of District Court of Maryland court records discloses at least twelve other lawsuits that fall within the proposed class definition. This number does not include other potential class members for whom no lawsuits have been filed or for whom recent garnishments have been filed. A search of the same records indicates that Great Seneca Financial Corporation has been a party to in excess of 500 collection actions, many of which are still active and a portion of which are being handled by Defendant.

   b. ***Common Questions Predominate:*** There are questions of law

LAW OFFICES OF
DAVID HOSKINS
6 E. LOMBARD ST.
SUITE 400
LTIMORE, MD 21202
410-662-6500

and fact common to the class, which questions predominate over any questions affecting only individual class members. The principal issues are:

    i. Whether Great Seneca Financial Corporation is a defunct and non-existent legal entity, having dissolved itself on March 25, 2009, claiming to have had no creditors.

    ii. Whether Great Seneca Financial Corporation is required to be licensed as a debt collector in Maryland.

    iii. Whether, as a defunct and nonexistent legal entity without a valid collection agency license, Great Seneca Financial Corporation lacks the legal authority to take any collection actions to collect the subject debt.

    iv. Whether Defendant violated Federal and Maryland law by attempting to collect debts on behalf of a defunct and nonexistent legal entity without a valid collection agency license.

    c. ***Typicality:*** Plaintiff's claims are typical of the claims of the members of the plaintiff class. Plaintiff and all members of the plaintiff class have claims arising out of Defendant's common course of conduct complained of herein.

    d. ***Adequacy:*** Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff is committed to vigorously litigate this matter. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this claim.

    e. ***Superiority:*** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all

LAW OFFICES OF
DAVID HOSKINS
5 E. LOMBARD ST.
SUITE 400
TIMORE, MD 21202
410-662-6500

members would be impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

31. Certification of the class under Rule 2-231(b)(3) of the Maryland Rules of Civil Procedure is also appropriate in that:

a. The questions of law and fact common to the members of the class predominate over any questions affecting an individual member.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, et. seq.

32. Melissa M. Lemmon incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

33. MPE&B violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f, 1692f(1) when, on September 9, 2013, MPE&B filed a Request for Garnishment on Wages on behalf of Great Seneca Financial Corporation in the District Court of

LAW OFFICES OF
DAVID HOSKINS
5 E. LOMBARD ST.
SUITE 400
.TIMORE, MD 21202
410-662-6500

9

Maryland for Baltimore County seeking to garnish the wages owed to Melissa M. Lemmon by her employer, Ruby Tuesday, Inc.

34. As a direct consequence of the acts, practices and conduct of Defendant, Melissa M. Lemmon suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation. Melissa M. Lemmon was required to retain counsel to defend the collection lawsuit and incurred actual damages in the amount of the value of legal services provided to defend the case.

## COUNT II

### Violation of the Maryland Consumer Debt Collection Act
### Md. Code Ann., Com. Law, § 14-201, *et seq.*

35. Melissa M. Lemmon incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

36. The subject debt was a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

37. MPE&B attempted to enforce a right to collect the subject debt with knowledge that the right does not exist in violation of Md. Code Ann., Com. Law. § 14-202(8) when, on September 9, 2013, MPE&B filed a Request for Garnishment on Wages on behalf of Great Seneca Financial Corporation in the District Court of Maryland for Baltimore County seeking to garnish the wages owed to Melissa M. Lemmon by her employer, Ruby Tuesday, Inc.

38. As a direct consequence of the acts, practices and conduct of Defendant, Melissa M. Lemmon suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation. Melissa M. Lemmon was

LAW OFFICES OF
DAVID HOSKINS
E. LOMBARD ST.
SUITE 400
TIMORE, MD 21202
410-662-6500

required to retain counsel to defend the collection lawsuit and incurred actual damages in the amount of the value of legal services provided to defend the case.

**COUNT III**

**Violation of the Maryland Consumer Protection Act**
**Md. Code Ann., Com. Law, § 13-101, *et seq.***

39. Melissa M. Lemmon incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

40. Melissa M. Lemmon is a consumer as defined by the CPA, Md. Code Ann., Com. L. § 13-101(c).

41. Section 13-303(5) of the CPA prohibits unfair or deceptive trade practices in the collection of consumer debts.

42. Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

43. As a direct consequence of the acts, practices and conduct of Defendant, Melissa M. Lemmon suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation and is entitled to actual damages and attorney's fees pursuant to CPA § 13-408. Melissa M. Lemmon was required to retain counsel to defend the collection lawsuit and incurred actual damages in the amount of the value of legal services provided to defend the case.

WHEREFORE, Plaintiff, Melissa M. Lemmon, respectfully prays for a judgment against Defendant as follows:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408 in an amount in excess of $75,000.00;

LAW OFFICES OF
DAVID HOSKINS
5 E. LOMBARD ST.
SUITE 400
.TIMORE, MD 21202
410-662-6500

  b.  Statutory damages in the maximum amount provided under 15 U.S.C. § 1692k(a)(2);

  c.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

  d.  For such other and further relief as may be just and proper.

## JURY DEMAND

Melissa M. Lemmon hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorney's fees and litigation costs to be awarded should Melissa M. Lemmon prevail on any of her claims in this action.

Dated: January 22, 2014    Respectfully Submitted,

_____
E. David Hoskins, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
*davidhoskins@hoskinslaw.com*

_____
Max F. Brauer, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
*maxbrauer@hoskinslaw.com*

LAW OFFICES OF
DAVID HOSKINS
6 E. LOMBARD ST.
SUITE 400
 TIMORE, MD 21202
410-662-6500

12